IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED CLERK'S OFFICE
2013 AUG 26 A 9:03

| | |
|---|---|
| United States of America ) | Case No. 4:03-cr-00474-CWH-11 |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Francillon DeBreus ) | |
| ) | |

On February 5, 2004, a jury found Francillon DeBreus (the "defendant") guilty of conspiracy to possess with intent to distribute 50 grams of crack cocaine and 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846 (2000). According to the applicable United States Sentencing Guidelines, a violation of these statutes called for a base offense level of 38. See Presentence Report, ¶ 93. However,

> [a]t sentencing, . . . the district court found [the defendant] was responsible for 77.19 kilograms of crack cocaine, possession of a firearm, a leadership or managerial role in the conspiracy and obstruction of justice. As a result, [the defendant's base] offense level was adjusted upward to 44. The result was a guideline sentence of life imprisonment.

United States v. DeBreus, 140 F. App'x 495, 496 (4th Cir. 2005) (unpublished per curiam opinion). On June 29, 2004, the Court sentenced the defendant to life in prison. (ECF No. 740).

The defendant appealed his conviction and sentence, and on August 3, 2005, the Fourth Circuit Court of Appeals remanded the action for re-sentencing in accordance with the principles set forth in United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). See DeBreus, 140 F. App'x 495. At the re-sentencing hearing held on June 27, 2006, the Court again sentenced the defendant to life in prison. The defendant appealed, and his sentence was affirmed. United States v. DeBreus, 255 F. App'x 725 (4th Cir.



2007) (unpublished per curiam opinion). The defendant then filed a petition for rehearing and rehearing en banc, which was denied on January 23, 2008. (ECF No. 1004). The defendant petitioned for a writ of certiorari, but the United States Supreme Court denied the petition on May 27, 2008. DeBreus v. United States, 553 U.S. 1072 (2008). The defendant then timely filed a pro se petition seeking relief pursuant to 28 U.S.C. § 2255. This Court dismissed the petition with prejudice, and denied a certificate of appealability. The defendant's appeal is presently pending before the Fourth Circuit Court of Appeals.[1]

On September 28, 2012, the defendant filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (the "FSA"), and the 2011 amendment thereto. (ECF No. 1655). In connection with that motion, he filed a motion to proceed in forma pauperis and a motion for the appointment of counsel. (ECF No. 1654).

First, the defendant is not entitled to have his sentence reduced pursuant to § 3582(c)(2). Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment only if his sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission. However, the defendant's sentence was not based on a Guidelines range that has been lowered as a result of an amendment to the Guidelines. "In relevant part, the June 2011 Amendment 750 adjusted the minimum quantity of cocaine base required for a base offense level of 38, pursuant to U.S.S.G. § 2D1.1, from 4.5 kilograms to 8.4 kilograms." United States v. Cirineo, — F. App'x —, 2013 WL 3334963, at *1 (2d Cir. July 3, 2013) (citing U.S.S.G. §

---

[1] That appeal has been held in abeyance pending this Court's decision on the instant motions. (ECF No. 1660).



2D1.1 (Nov. 1, 2009) and (Nov. 1, 2011)). As mentioned above, however, at sentencing, this Court found that the defendant was responsible for a drug weight of 77.19 kilograms of crack cocaine, which far exceeds the threshold under the amended Guidelines of 8.4 kilograms. Therefore, the calculation of the defendant's base offense level of 38 was not changed by the Guidelines amendment and the defendant is not eligible for a sentence reduction.

Second, it is well-settled that there is no right to counsel in a § 3582(c)(2) proceeding. United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (citing United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999)). Therefore, the defendant's request for the appointment of counsel is denied. Lastly, the defendant's motion to proceed in forma pauperis is granted.

In conclusion, the defendant's motion (ECF No. 1654) is granted in part and denied in part. The defendant's motion for a reduction of sentence (ECF No. 1655) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

August 23, 2013
Charleston, South Carolina

