

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 4:03-00474-MGL-11 |
| | § | |
| FRANCILLON DEBREUS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I. INTRODUCTION

Pending before the Court is Defendant Francillon Debreus's (Debreus) pro se motion to reduce his sentence under the Frist Step Act of 2018 (2018 FSA or the Act). Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Debreus's motion to reduce his sentence will be denied.

## II. PROCEDURAL HISTORY

The grand jury indicted Debreus on one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

The Court held a six-day jury trial for Debreus and one of his co-defendants. Debreus was found guilty on the charged count. The Court sentenced Debreus to a term of imprisonment of life and a term of supervised release of five years.

Debreus filed the immediate pro se motions for sentence reductions based on the Act and the government responded in opposition.

## III. DISCUSSION AND ANALYSIS

A court may modify a term of imprisonment of a prisoner under only specific circumstances. First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A). A defendant can bring a motion under § 3582(c)(1)(A) on her own accord only after she "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

Debreus solely relies on the 2018 FSA as statutory authority to seek the sentence reduction. Under the Act, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [(2010 FSA)] . . . were in effect at the time the covered offense was committed." Fair Sentencing

Act of 2018, Pub. L. No. 115-015, § 404(b), 132 Stat. 015. A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a).

Debreus's conviction fails to qualify as a covered offense. Section 2 of the 2010 FSA amended the threshold cocaine base amounts triggering §§ 841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and inserting '28 grams." Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372. Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession. *Id.* § 3. Neither section altered the statutory penalties for offenses involving powder cocaine.

The statutory penalty range, applicable to Debreus at the time of sentencing, was a term of imprisonment of ten years to life. Debreus was convicted of possession with the intent to distribute both fifty grams or more of a cocaine base and five kilograms or more of cocaine. Accordingly, the current statutory penalty, applicable to Debreus, for the portion of the conspiracy related to the five kilograms or more of cocaine is a term of imprisonment of ten years to life. 21 U.S.C. § 841(a)(1)(A). Because Debreus is subject to the same statutory penalty now as he was at his original sentencing, even accounting for the 2018 FSA, he fails to meet the requirements for relief under the Act.

## IV. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Debreus's motion to reduce his sentence is **DENIED.**

**IT IS SO ORDERED.**

Signed this 23rd day of January 2020 in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE