

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Action No.: 4:03-00474-MGL-11 |
| | § | |
| FRANCILLON DEBREUS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND HOLDING IN ABEYANCE IN PART
DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION**

Pending before the Court is Defendant Francillon Debreus's (Debreus) motion to reconsider the order denying his prior motion for a reduction in his sentence under the First Step Act of 2018.  Having carefully considered the motion, the response, the amicus filing by the office of Federal Public Defender (FPD), the sur-reply filed by the government, the reply to the sur-reply, the record, and the applicable law, it is the judgment of the Court Debreus's motion for reconsideration will be granted in part and held in abeyance in part.  Specifically, the Court will grant the motion as to a determination of Debreus's eligibility for consideration for a sentence reduction, but will hold in abeyance its decision as to whether to grant a reduction in sentence pending further briefing from the parties.

## II.     PROCEDURAL HISTORY

The grand jury indicted Debreus on one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

Judge Houck held a six-day jury trial for Debreus and one of his co-defendants. The jury found Debreus guilty on the charged count. Judge Houck then sentenced Debreus to a term of imprisonment of life and a term of supervised release of five years.

On November 22, 2019, the clerk filed Debreus's motion to reduce his sentence under the First Step Act of 2018 (FSA or Act) to the docket. The Court denied the motion on January 23, 2020. The Court held Debreus was ineligible for relief under the Act because he had convictions for both cocaine base and cocaine. Because the Act failed to provide for modification of a sentence for a cocaine conviction, the Court held Debreus's mixed conviction failed to meet the requirements for a covered offense.

Debreus dated his motion to reconsider February 4, 2020, and the clerk entered the motion on the docket February 10, 2020. The government filed a response. After the Fourth Circuit issued its opinion in *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), the office of the FPD filed a brief in support of Debreus's motion for reconsideration. The government filed a sur-reply and Debreus filed a reply to that filing.

## III.    STANDARD OF REVIEW

Although some circuits broadly allow for motions for reconsideration in criminal cases, *see United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in

criminal prosecutions are proper.") (internal quotes omitted), the Fourth Circuit has limited the propriety of trial court jurisdiction over motions to reconsider in criminal cases to before the entry of the order. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985).

Under the guidance of *Breit*, an order becomes final "when the time to appeal expires." *Id.* at 530-31. The Federal Rules of Appellate Procedure require a criminal defendant to file any notice of appeal within fourteen days from entry of the order. Fed. R. App. P. 4(b)(1)(A).

As the Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration, the Court agrees with its sister district courts in the circuit and will look to the rules governing civil cases as a substantive guidepost. *See, e.g.*, *United States v. Dickinson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (using Federal Rule of Civil Procedure 59(e) to evaluate a motion for reconsideration of an order granting a motion to suppress in a criminal case); *United States v. Fuentes-Morales*, No. 14-cr-556, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017) (utilizing the substantive standards of Federal Rule of Civil Procedure 59(e) to evaluate a motion for reconsideration of a denial of a motion to dismiss a count of an indictment in a criminal case). Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment in some limited circumstances.

Utilizing Rule 59(e), the Fourth Circuit has found three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Although the motion asks for reconsideration of an order, rather than a judgment, the law interpreting Rule 59(e) is still instructive here. *See Dickinson*, 971 F. Supp. at 1024 (using Rule 59(e) as guidance for a motion for reconsideration on an order in a criminal matter).

IV.   **DISCUSSION AND ANALYSIS**

The Court denied Debreus's motion to reduce his sentence on January 23, 2020. Debreus signed and dated his motion for reconsideration February 4, 2020, but it was not received and entered to the docket by the clerk until February 10, 2020. Under the prison mailbox rule, an incarcerated pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk." *Houston v. Lack*, 487 U.S. 266, 275 (1988).

The envelope delivering the motion to the Court lacks any indication when Debreus provided it to a prison official. The Court concurs with the rationale of a sister court in the Northern District of Mississippi and will treat the date the motion was signed as the date it was delivered to prison officials absent indications otherwise. *See Cunningham v. Bradley*, No. 17-cv.169, 2019 WL 208880, at *2 (N.D. Miss. Jan. 15, 2019) ("Normally, there is only a brief delay – perhaps a few days – between the date a federal *habeas corpus* petition is signed and the date the court receives it. In such cases, which involve a reasonable delay, the court assumes that the petitioner delivered the petition to prison authorities for mailing on the date it was signed."). Because Debreus filed the motion twelve days after the Court's January 23rd decision, under *Breit*, the motion is timely.

Under the FSA, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). Section 2 of the Fair Sentencing Act of 2010 amended the threshold cocaine base amounts triggering penalties under 21 U.S.C. § 841(b)(1)(A).

Subsequent to the Court's previous order on Debreus's motion to reduce his sentence, the Fourth Circuit issued its opinion in *Gravatt*. In *Gravatt*, the Fourth Circuit stated as long as a defendant has a portion of his sentence qualify as a covered offense, even if other portions of his sentence were ineligible, the defendant is eligible for consideration of a reduced sentence under the Act. 953 F.3d at 264. This was an intervening change in controlling law, which means Debreus is eligible for reconsideration of the Court's denial of his original motion to reduce his sentence under the Act. *See Hutchinson*, 994 F.2d at 1081 (citing an intervening change in the law as a basis for altering a judgment).

And, in reconsidering its January 23rd decision, the Court concludes Debreus qualifies for consideration of a reduction of his sentence under the FSA. *See* 18 U.S.C. § 3582(c)(1)(B) (permitting a court to modify a sentence when expressly permitted by a statute); FSA § 404(c) (permitting, but not requiring, a court to reduce a sentence for a defendant with a covered offense). Accordingly, the Court will grant Debreus's motion to the extent it now asks for reconsideration of a reduced sentence, but will hold in abeyance the portion of his motion asking the Court to reduce his sentence.

Prior to determining whether to reduce Debreus's sentence, the Court will consider the new statutory range, the new guidelines range, the 18 U.S.C. § 3553(a) factors, and any evidence and arguments concerning post-sentence behavior, mitigation, and the like.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Debreus's motion for reconsideration is **GRANTED IN PART**, and **HELD IN ABEYANCE IN**

**PART.** Specifically, the Court will grant the motion as to Debreus's eligibility for consideration under the FSA, but will hold in abeyance any decision on whether to reduce Debreus's sentence.

No later than August 20, 2020, the parties shall file any evidence and arguments they desire to assist the Court in determining whether to reduce Debreus's.

Further, Debreus's motion to appoint counsel is **GRANTED**. The Court appoints FPD as counsel to represent Debreus on this matter. The clerk shall notify the FPD of the appointment.

**IT IS SO ORDERED.**

Signed this 23rd day of July 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE