

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | Criminal Action No.: 4:03-00474-MGL-11 |
| | § | |
| FRANCILLON DEBREUS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE HIS SENTENCE UNDER THE FIRST STEP ACT**

## I. INTRODUCTION

Pending before the Court is Defendant Francillon Debreus's (Debreus) pro se motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the First Step Act). Having carefully considered the motion, the responses, the replies, the record, and the applicable law, it is the judgment of the Court Debreus's motion to reduce his sentence will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Debreus on one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One).

The Honorable Charles Weston Houck held a six-day jury trial for Debreus and one of his co-defendants. The jury, on February 5, 2004, found Debreus guilty on the charged count. Judge

Houck then sentenced Debreus to a term of imprisonment of life and a term of supervised release of five years.

On November 22, 2019, the Clerk of Court docketed Debreus's motion to reduce his sentence under the First Step Act. The Court denied the motion on January 23, 2020, because it determined Debreus was ineligible for relief under the First Step Act as he had convictions for both cocaine base and powder cocaine. In particular, the Court concluded because the First Step Act failed to provide for modification of a sentence for offenses involving powder cocaine, Debreus's conviction involving both cocaine base and powder cocaine failed to meet the requirements for a covered offense.

Debreus filed a motion to reconsider, and the government responded. After the government filed its response, the Fourth Circuit issued its opinion in *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). In *Gravatt*, the Fourth Circuit held as long as a defendant's sentence involved cocaine base, he is eligible for consideration under the First Step Act. Thus, based on *Gravatt*, Debreus was entitled to consideration under the First Step Act.

The Federal Public Defender (FPD) filed a brief in support of Debreus's motion for reconsideration in light of *Gravatt*. The government filed a response, Debreus's FPD filed a reply, and the Clerk of Court docketed Debreus's sur reply.

The Court subsequently issued an Order granting in part and holding in abeyance in part Debreus's motion to reconsider. Specifically, the Court "grant[ed] Debreus's motion to the extent it [asked] for reconsideration of a reduced sentence, but [held] in abeyance the portion of his motion asking the Court to reduce his sentence." July 23, 2020, Order at 5. The Court noted "[p]rior to determining whether to reduce Debreus's sentence, [it] will consider the new statutory range, the new guidelines range, the 18 U.S.C. § 3553(a) factors, and any evidence and arguments

concerning post-sentence behavior, mitigation, and the like" and requested "[n]o later than August 20, 2020, the parties shall file any evidence and arguments they desire to assist the Court in determining whether to reduce Debreus's" sentence. *Id.* at 5–6. Debreus's FPD filed a brief addressing these issues, but the government, however, failed to file anything.

As of the date of this Order, Debreus has been incarcerated for more than eighteen years. Debreus requests a time served sentence. Accordingly, the Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the [g]overnment, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. A covered offense "means a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act of 2010 amended the threshold cocaine base amounts triggering penalties under 21 U.S.C. § 841(b)(1)(A). In the First Step Act, Congress left the decision as to whether to grant a sentence reduction to the district court's discretion. *See id.* § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Eligibility under the First Step Act is governed by 18 U.S.C. § 3582(c)(1)(B). *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). Section 3582(c)(1)(B) provides "[t]he court

may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" *Id.* § 3582(c)(1)(B). Accordingly, "[u]nder the [First Step] Act, there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'" *Gravatt*, 953 F.3d at 262 (quoting § 404(b), 132 Stat. at 5222). And, even if a defendant is eligible for relief under the First Step Act, that "does not mean the defendant is entitled to relief under the Act[;]" rather, "[i]t only means that his motion is entitled to be considered on the merits." *Id.*

When determining whether to impose a reduction in sentence under the First Step Act, the Court "must . . . recalculate the guidelines range." *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020). The Court must also apply "the § 3553(a) factors in . . . First Step Act cases[.]" *Id.* at 674. And, when considering the Section 3553(a) factors, the Court may consider post-sentencing conduct. *Id.* at 675.

## IV. DISCUSSION AND ANALYSIS

### A. *Whether there is a covered offense*

As noted in the Court's previous Order, "[t]he Court concludes Debreus qualifies for consideration of a reduction of his sentence under the" First Step Act. July 23, 2020, Order. Accordingly, Debreus's motion is entitled to be considered on the merits, and the Court has the discretion to reduce his sentence.

### B. *Whether the Court will reduce Debreus's sentence*

The Court will now address whether Debreus has shown that a reduced sentenced under the First Step Act is warranted. To accomplish this goal, the Court will recalculate the guidelines range, as well as consider the Section 3553(a) factors.

### 1. *Recalculating the Guidelines Range*

At the time of Debreus's original sentencing, the guidelines range was based on a total offense level of 43 and a criminal history category of III. As a result, Debreus's original range for imprisonment was life, pursuant to U.S.S.G. Chapter 5, Part A. The Sentence Reduction Report (SRR), completed on or around November 25, 2019, determined Debreus's guidelines range remains unchanged in light of the application of the Fair Sentencing Act of 2010 as applied to his conviction, and Debreus concedes this fact. *See* Debreus's Resp. at 2 ("[T]he guidelines remain the same."). Accordingly, the Court adopts the SRR and concludes Debreus's guidelines range remains life imprisonment.

### 2. *Section 3553(a) Factors*

The Section 3553(a) factors instruct the Court to "impose a sentence sufficient, but not greater than necessary" by considering "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The nature of Debreus's offense is serious. A jury of his peers found him guilty of conspiring to distribute and posses with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine. And, the jury in Debreus's trial concluded he was responsible for 77.19 kilograms of crack cocaine. This is a substantial amount of crack cocaine,

nearly 170 pounds, and the illegal distribution of this dangerous drug negatively impacts our society and communities throughout the country.  Also, Debreus's sentence was enhanced due to: (1) the possession of a firearm (+2 levels), (2) being a manager or supervisor in the conspiracy (+2 levels), and (3) threatening or intimidating potential government witnesses (+2 levels).

As to Debreus's history and characteristics, prior to being arrested in the instant case, he never served a sentence greater than six months and had never been convicted of a violent offense.  And, while incarcerated, Debreus's record shows he has taken some positive steps to better himself.  For example, Debreus earned his GED in prison and "has worked at Unicor and a variety of institutional assignments."  Debreus's Reply at 6.  Also, he "has been sanctioned only once, in 2007, for a minor rules infraction."  *Id.* 4 (footnote omitted).

Furthermore, Debreus's likelihood of recidivism is low due to his age of fifty-nine.  *See* United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders*, p. 30 (December 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf ("Among offenders released younger than age 21, 67.6 percent were rearrested compared to 13.4 percent of those released age 65 or older.  The pattern is consistent across age groups, as age increases recidivism by any measure declined.  Older offenders who do recidivate do so later in the follow-up period, do so less frequently, and had less serious recidivism offenses on average.").

Lastly, as to the need to avoid unwanted sentencing disparities, Derbeus notes of "the [twenty-nine] defendants sentenced in this case, [he] is the only defendant serving a life sentence."  Debreus's Reply at 16.  Other than Debreus, only one defendant, Mark Bellamy, is still

incarcerated. *See* Debreus's Reply at Ex. 2. And, Mark Bellamy, according to the Bureau of Prison's Find an Inmate locator, is scheduled to be released on May 15, 2022.

After consideration of the Section 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of Debreus, and the need to avoid unwanted sentencing disparities, as well as the parties' arguments, the Court determines that a reduction of Debreus's sentence of life imprisonment to time served is sufficient but not greater than necessary in this case. In the Court's opinion, a greater sentence than the eighteen years already served by Debreus is not required to prevent unwarranted disparities when compared with similar sentences in this era. All other terms of the original sentence will remain the same, including Debreus's term of supervised release to begin after his release from custody.

## V. CONCLUSION

For the reasons stated above, it is the judgment of the Court Debreus's motion to reduce his sentence is **GRANTED**. Specifically, Debreus's sentence is reduced to a term of imprisonment of time served. All other terms of the original sentence will remain the same, including Debreus's term of supervised release to begin after his release from custody.

**IT IS SO ORDERED.**

Signed this 15th day of June 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE